UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JAMILAH SABREE,

            Plaintiff,

      v.                                  Case No. 06-CV-78

OXFORD MANAGEMENT SERVICES, INC.,

            Defendant.

## ORDER

On January 16, 2007 the parties filed a stipulation for judgment and personal guaranty signed by all parties and the guarantor and asked the court to enter judgment according to the terms of the stipulation. In part, the stipulations stated, "The Court may retain jurisdiction of this case until completion of payments."

A court loses jurisdiction when it enters final judgment; attempting to retain jurisdiction while simultaneously relinquishing jurisdiction creates a paradox. Shapo v. Engle, 463 F.3d 641, 646 (7th Cir. 2006). Thus, parties seeking to preclude final litigation while permitting the district court to retain control over enforcing some aspect of the judgment are presented with essentially two options. First, the parties may stipulate to dismissal without prejudice, although the judgment shall state that the parties are precluded from reopening issues resolved by the judgment. Shapo, 463 F.3d at 646 (citing Brunswick Corp. v. Chrysler Corp., 408 F.2d 335, 337-38 (7th Cir. 1969); Wallace Clark & Co. v. Acheson Industries, Inc., 532 F.2d 846, 849 (2d Cir. 1976)). Second, in the settlement agreement the parties may include a full release of the plaintiff's claims. Id. (citing Isbell v. Allstate Ins. Co., 418 F.3d 788, 797 (7th Cir. 2005); Williams Electronics Games, Inc. v. Garrity,

366 F.3d 569, 580 (7th Cir. 2004); Hoseman v. Weinschneider, 322 F.3d 468, 477 (7th Cir. 2003); Gonzalez v. Kokot, 314 F.3d 311, 316 (7th Cir. 2002)).

However, under the facts of this case, there is a third option. The court may enter judgment in accordance with the parties' stipulation as written and omit any reference to this court retaining jurisdiction over this matter. Thus, the plaintiff would be left to enforce this judgment through the initiation of a separate action. This enforcement option is consistent with the enforcement provision included in the stipulation which states, "If any payment is not made by the due date, plaintiff may exercise her normal enforcement and fee rights, including collection of any or all of the remaining balance from [the guarantor]."

Given that the parties' stipulation contains the phrase "The Court *may* retain jurisdiction of this case until completion of payments," (emphasis added) the court considers this judgment as entirely compatible with the parties' stipulation. In an effort to avoid the paradox of retaining jurisdiction while simultaneously relinquishing jurisdiction, this court simply declines to exercise the option of retaining jurisdiction.

**IT IS THEREFORE ORDERED** that the clerk shall enter judgment in accordance with the parties' stipulation, with the exception of the provision that the court retains jurisdiction of this case until completion of the payments. The excepted provision shall not be included in the judgment.

Dated at Milwaukee, Wisconsin this 17th day of January, 2007.

s/AARON E. GOODSTEIN<br>
U.S. Magistrate Judge